UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| WILLIAM P. CASTILLO, | ) | |
| Petitioner, | ) | 2:04-cv-0868-RCJ-GWF |
| vs. | ) | |
| | ) | **ORDER** |
| RENEE BAKER, *et al.*, | ) | |
| Respondents. | ) | |

This order is issued pursuant to Federal Rule of Civil Procedure 16(b), the Rules Governing Section 2254 Cases in the United States District Courts, and Local Rule 16-1.

This action is a petition for writ of habeas corpus brought by William P. Castillo, a Nevada prisoner sentenced to death. Castillo initiated this action on June 22, 2004. The action was stayed on January 21, 2010, to allow Castillo an opportunity to exhaust claims in state court. On January 10, 2014, the stay was lifted.

On February 3, 2014, the court held a status conference. Counsel for petitioner and counsel for respondents appeared, and discussed the anticipated course of proceedings in this action. In light of the representations of counsel at the status conference, the court sets a schedule for further litigation of this action, as follows.

**IT IS ORDERED**:

1. **Amended Petition**. If necessary, petitioner shall file and serve a second amended petition for a writ of habeas corpus on or before **April 18, 2014**. The second amended petition shall contain all known grounds for relief, both exhausted and unexhausted. The second amended petition shall specifically state whether each ground for relief has been exhausted in state court; for each claim that has been exhausted in state court, the second amended petition shall state how, when, and where that occurred. If petitioner determines that a second amended petition need not be filed, then, when the second amended petition is due, petitioner shall file and serve a statement to that effect.

2. **Response to Petition**. Respondents shall have **60 days** following service of the second amended petition to file and serve an answer or other response to the second amended petition. If petitioner does not file a second amended petition, respondents shall have **60 days** following the due-date for the second amended petition to file and serve an answer or other response to the first amended petition (ECF No. 70).

3. **Reply and Response to Reply**. Petitioner shall have **45 days** following service of an answer to file and serve a reply. Respondents shall thereafter have **30 days** following service of a reply to file and serve a response to the reply.

4. **Briefing of Motion to Dismiss**. If respondents file a motion to dismiss, petitioner shall have **30 days** following service of the motion to file and serve an opposition to the motion. Respondents shall thereafter have **30 days** following service of the opposition to file and serve a reply.

5. **Discovery**. If petitioner wishes to move for leave to conduct discovery, petitioner shall file and serve such motion concurrently with, but separate from, the response to respondents' motion to dismiss or the reply to respondents' answer. Any motion for leave to conduct discovery filed by petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. Respondents shall file and serve a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to

petitioner's reply. Thereafter, petitioner shall have 20 days to file and serve a reply in support of the motion for leave to conduct discovery. If the court grants petitioner leave to conduct discovery, the court will then establish time limits for the completion of the authorized discovery.

6. **Evidentiary Hearing**. If petitioner wishes to request an evidentiary hearing, petitioner shall file and serve a motion for an evidentiary hearing concurrently with, but separate from, the response to respondents' motion to dismiss or the reply to respondents' answer. Any motion for an evidentiary hearing filed by petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. The motion for an evidentiary hearing must specifically address why an evidentiary hearing is required, and must meet the requirements of 28 U.S.C. § 2254(e). The motion must state whether an evidentiary hearing was held in state court, and, if so, state where the transcript is located in the record. If petitioner files a motion for an evidentiary hearing, respondents shall file and serve a response to that motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to petitioner's reply. Thereafter, petitioner shall have 20 days to file and serve a reply in support of the motion for an evidentiary hearing.

7. **Status Reports and Status Conferences**. The court may from time to time, as the need arises, schedule status conferences, and/or require the filing and service of status reports, in order to manage the progress of this action.

Dated this 3rd day of February, 2014.

_____
UNITED STATES DISTRICT JUDGE